1   **WO**                                                                              MDR

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Ronald N. Jose,                          )   No. CV 12-792-PHX-GMS (SPL)
                                             )
10              Plaintiff,                    )   **ORDER**
                                             )
11  vs.                                      )
                                             )
12                                           )
    Todd Thomas, et al.,                     )
13                                           )
                Defendants.                  )
14                                           )
                                             )
15

16          Plaintiff Ronald N. Jose, who is confined in the Corrections Corporation of America's

17  Saguaro Correctional Center (CCA-SCC) in Eloy, Arizona, has filed a *pro se* civil rights

18  Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma*

19  *Pauperis* (Doc. 2).  The Court will order Defendants to answer the Complaint.

20  **I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

21          Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

22  § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

23  The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory

24  fee will be collected monthly in payments of 20% of the previous month's income each time

25  the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a

26  separate Order requiring the appropriate government agency to collect and forward the fees

27  according to the statutory formula.

**TERMPSREF**   28

1  **II.    Statutory Screening of Prisoner Complaints**

2          The Court is required to screen complaints brought by prisoners seeking relief against

3  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

4  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

5  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

6  be granted, or that seek monetary relief from a defendant who is immune from such relief.

7  28 U.S.C. § 1915A(b)(1), (2).

8          A pleading must contain a "short and plain statement of the claim *showing* that the

9  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

10 demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

11 unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

12 "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

13 statements, do not suffice."  Id.

14         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15 claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

16 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

17 that allows the court to draw the reasonable inference that the defendant is liable for the

18 misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

19 relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

20 experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

21 allegations may be consistent with a constitutional claim, a court must assess whether there

22 are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

23         But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

24 must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th

25 Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

26 than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,

27 94 (2007) (*per curiam*)).

28 . . . .

TERMPSREF

1  **III.    Complaint**

2        In his two-count Complaint, Plaintiff sues the following Defendants: CCA-SCC

3  Warden Todd Thomas, Assistant Warden Ben Griego, Assistant Security Chief Sean Meiner,

4  and Hawaii Department of Public Safety Contract Monitor Scott Jinbo.

5        In Count One, Plaintiff alleges a violation of his Fourteenth Amendment due process

6  rights.  He claims that Defendant Griego placed Plaintiff in segregation in October 2008;

7  there was no legitimate reason for the placement; Plaintiff was not given written notice of

8  the reason for placement or a hearing within seven days; no periodic review was done for

9  years; when periodic reviews were done, the reasons for keeping Plaintiff in segregation were

10  vague and used boilerplate language; and Plaintiff remains in segregation.  Plaintiff also

11  contends that the criteria for placement is overbroad and inmates cannot determine "what

12  behavior would result in release or when release is."

13        Plaintiff contends that the conditions in segregation create an atypical and significant

14  hardship and that Defendants Thomas and Jinbo are responsible for "all conditions and

15  placement in segregation."  He claims he is in the most restrictive housing in the prison: he

16  is  locked down 23-24 hours per day in a cell that is  illuminated 24-hours per day; he is only

17  allowed one library book and three showers per week; his meals are served in his cell, which

18  is designed to prevent communication with other inmates; he is not permitted food from the

19  commissary or over-the-counter medical items; his property is limited to two shirts and two

20  pairs of boxers, a uniform, and shower shoes; he is only allowed one 10-minute phone call

21  every 30 days; there are no educational or vocational classes, religious services, cultural

22  activities, work, or hobby crafts; he has no window to see outside; and he is not allowed a

23  television or radio.

24         He also claims that he was told that the only way out of segregation was to participate

25  in the Special Housing Incentive Program (SHIP), but under the contract between CCA-SCC

26  and the State of Hawaii, he cannot be forced to participate in the SHIP program.

27        In Count Two, Plaintiff alleges that his placement in segregation was retaliation, in

28  violation of the First Amendment, for exercising his right to associate with a kitchen staff

TERMPSREF                                                    - 3 -

1  member.  He claims the association did not create a threat to institutional security or violate

2  any institutional rules.  Plaintiff claims that Defendant Meiner informed Plaintiff that he

3  would have to complete the SHIP program, but Plaintiff refused because he did not meet the

4  criteria for that program and was not required to participate in the program.  He asserts that

5  in retaliation for Plaintiff exercising his right to association and to chill Plaintiff from

6  exercising that right, Defendant Meiner "wrote Plaintiff up" for refusing to participate in the

7  SHIP program.  Plaintiff contends that Defendants Thomas, Griego, and Jinbo "all agreed

8  with this false misconduct to chill Plaintiff from exercising his right to freedom of

9  association.

10      Plaintiff claims that he has been in segregation for years and that, as a result, he has

11  been denied parole and placement in a work release program.  In his Request for Relief,

12  Plaintiff seeks declaratory and injunctive relief and monetary damages.

13      Liberally construed, Plaintiff has stated claims for relief in Counts One and Two.  The

14  Court will require Defendants to answer the Complaint.

15  **IV.    Warnings**

16      **A.    Release**

17      Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

18  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

19  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

20  in dismissal of this action.

21      **B.    Address Changes**

22      Plaintiff must file and serve a notice of a change of address in accordance with Rule

23  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

24  relief with a notice of change of address.  Failure to comply may result in dismissal of this

25  action.

26      **C.    Copies**

27      Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

28  of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate

TERMPSREF                                    - 4 -

1   stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit

2   an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply

3   may result in the filing being stricken without further notice to Plaintiff.

4      **D.      Possible Dismissal**

5      If Plaintiff fails to timely comply with every provision of this Order, including these

6   warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

7   963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

8   comply with any order of the Court).

9      **IT IS ORDERED:**

10     (1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

11     (2)     As required by the accompanying Order to the appropriate government agency,

12   Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

13     (3)     The Clerk of Court must send Plaintiff a service packet including the

14   Complaint (Doc. 1), this Order, and both summons and request for waiver forms for

15   Defendants Thomas, Griego, Meiner, and Jinbo.

16     (4)     Plaintiff must complete and return the service packet to the Clerk of Court

17   within 21 days of the date of filing of this Order.  The United States Marshal will not provide

18   service of process if Plaintiff fails to comply with this Order.

19     (5)     If Plaintiff does not either obtain a waiver of service of the summons or

20   complete service of the Summons and Complaint on a Defendant within 120 days of the

21   filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the

22   action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv

23   16.2(b)(2)(B)(i).

24     (6)     The United States Marshal must retain the Summons, a copy of the Complaint,

25   and a copy of this Order for future use.

26     (7)     The United States Marshal must notify Defendants of the commencement of

27   this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

28   Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The**

TERMPSREF

- 5 -

**Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

. . . .

. . . .

. . . .

. . . .

. . . .

1       (11)    This matter is referred to Magistrate Judge Steven P. Logan pursuant to Rules

2  72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized

3  under 28 U.S.C. § 636(b)(1).

4       DATED this 2nd day of May, 2012.

5

6

7                     G. Murray Snow

                       United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28